# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | **(Chapter 7 Proceeding)** |
| | ) | |
| **HUNTER H. RENFROE** | ) | **Case No. 24-002750-TOM** |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| **JOHN E. VAWTER,** | ) | |
| | ) | |
| **Plaintiff.** | ) | |
| | ) | |
| **v.** | ) | **Adv. Pro. No. _____** |
| | ) | |
| **HUNTER RENFROE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

Plaintiff John E. Vawter ("Vawter" or "Plaintiff"), by and through his counsel, files the following Complaint to determine the dischargeability of debts owed to him by Defendant Hunter Renfroe ("Renfroe" or "Debtor").

## JURISDICTION

1.      On September 10, 2024, Debtor filed with this Court a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code").

2.      This Adversary Proceeding, which seeks to determine the

dischargeability of debts pursuant to 11 U.S.C. § 523, is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

3.     This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

## PARTIES

4.     Plaintiff John Vawter is a resident of Jefferson County, Alabama.

5.     Debtor is a resident of Jefferson County, Alabama.

## FACTUAL ALLEGATIONS

6.     At Debtor's request, Vawter made loans exceeding $4,300,000 to Debtor and Orchestra Investments, LLC ("Orchestra"), an entity wholly owned and controlled by Debtor, over the course of several years. Debtor personally guaranteed Vawter's loans to Orchestra.

7.     Debtor is the manager and sole member of Orchestra.

8.     As further alleged below, Debtor's indebtedness to Vawter related to the loans is nondischargeable under 11 U.S.C. §§ 523(a)(2), (4), (6), and (19).

### 2019 $3,000,000 Loan to Renfroe

9.     On or about June 10, 2019, Vawter loaned Debtor $3,000,000 (that loan, the "2019 $3M Renfroe Loan"), as evidenced by a promissory note in the original

principal amount of $3,000,000 executed by Debtor (that note, the "2019 $3M Renfroe Note"), an indemnity agreement (the "2019 $3M Renfroe Loan Indemnity Agreement"), an accommodation mortgage (the "2019 Accommodation Mortgage"), a pledge agreement (the "2019 Pledge Agreement") and other loan documents.

10.     Vawter disbursed the proceeds of the 2019 $3M Renfroe Loan to Debtor.

11.     During the course of his negotiations with Vawter that resulted in the 2019 $3M Renfroe Loan, Debtor falsely represented to Vawter that that his parents, Eugene and Jana Renfroe, had told him they would give him the money to pay his creditors in the event that he could not repay his debts.  This representation was made to induce Vawter to make the 2019 $3M Renfroe Loan.

12.     Vawter reasonably and/or justifiably relied on this representation in making the 2019 $3M Renfroe Loan.

13.     Debtor also represented to Vawter in the 2019 $3M Renfroe Loan Indemnity Agreement that he was:

> "(i) solvent on the date hereof and will not become insolvent as a result of the obligations incurred under this Agreement; (ii) is not engaged in business or a transaction, and is not about to engage in business or a transaction for which the property of [Debtor] is an unreasonably small amount of capital; and (iii) has not intended to incur, does not intend to incur, and does not believe that [Debtor] is incurring, obligations that

Case 24-00052-TOM    Doc 1    Filed 12/06/24    Entered 12/06/24 17:39:20    Desc Main
Document    Page 3 of 22

would be beyond [Debtor's] ability to pay as such obligations mature."

14.     Vawter reasonably and/or justifiably relied on this representation in making the 2019 $3M Renfroe Loan.

15.     However, unbeknownst to Vawter, Debtor was insolvent at the time he made this representation.

16.     For example, on or about June 9, 2019, the day before the 2019 $3M Renfroe Loan was made, Debtor emailed his parents, Jana and Eugene, explaining that he did not have sufficient cash flow to cover his overhead and was "in dire need." He requested that his parents loan him $420,000 to pay his overhead for the next four months.

17.     The 2019 $3M Renfroe Note states: "The proceeds of this Note may be used only for the maintenance, operation, and improvement of the Property [that was the subject to that transaction], and may not be utilized for any other purposes."

18.     Vawter reasonably and/or justifiably relied on this representation in making the 2019 $3M Renfroe Loan

19.     Part or all of the 2019 $3M Renfroe Loan funds were used not to maintain, operate, or improve the Property (which was real property and improvements as defined in the 2019 $3M Renfroe Loan documents), but for other purposes, including paying debts of entities affiliated with Debtor, including debts

Debtor had personally guaranteed.

20.     In the 2019 Pledge Agreement, Debtor promised to grant Vawter a first-priority security interest in 100% of Debtor's membership interest in Avondale Holdings, LLC ("AH 1") as collateral for the 2019 $3M Renfroe Loan.

21.     At the time Debtor made that promise, he had already granted another creditor a first-priority security interest in his membership interest in AH 1. Debtor concealed and never disclosed this fact to Vawter.

22.     Vawter reasonably and/or justifiably relied on Debtor's silence in making the 2019 $3M Renfroe Loan.

### 2021 $900,000 Loan to Orchestra

23.     On or about April 23, 2021, Vawter loaned Orchestra $900,000 (that loan, the "2021 $900k Orchestra Loan"), as evidenced by a promissory note in the original principal amount of $900,000 (that note, the "2021 $900k Orchestra Note"), a funding agreement (the "2021 Orchestra Funding Agreement"), a confidential disclosure letter, and other loan documents.

24.     Debtor personally guaranteed Orchestra's obligations under the 2021 $900k Orchestra Note, as evidenced by a guaranty agreement executed and delivered by Debtor (that agreement, the "2021 Renfroe Guaranty").

25.     The 2021 $900k Orchestra Loan was explicitly made pursuant to a

securities offering under federal and Alabama law.

26.     No registration statement was in effect as to the securities offering pursuant to which the 2021 $900k Orchestra Loan was made, and no effort was made to cause such offering to be exempt from registration under federal or Alabama securities laws, or to otherwise comply with any federal or Alabama securities laws, including those prohibiting false representations and other material misstatements.

27.     Vawter disbursed the proceeds of the 2021 $900k Orchestra Loan.

28.     The 2021 $900k Orchestra Loan resulted from negotiations with Vawter in which Debtor personally participated, and Debtor signed the 2021 $900k Orchestra Note and 2021 Orchestra Funding Agreement as the representative of Orchestra.

29.     During the course of those negotiations, Debtor falsely represented to Vawter that his parents, Eugene and Jana Renfroe, had told him they would give him the money to pay his creditors in the event that he could not repay his debts.  Debtor made this representation to induce Vawter to make the 2021 $900k Orchestra Loan.

30.     Vawter reasonably and/or justifiably relied on this representation in making the 2021 $900k Orchestra Loan.

31.     In the 2021 Renfroe Guaranty, Debtor represented that he was solvent, and that he would not be rendered insolvent by providing his guarantee.

Case 24-00052-TOM    Doc 1    Filed 12/06/24    Entered 12/06/24 17:39:20    Desc Main
Document      Page 6 of 22

32.     Vawter reasonably and/or justifiably relied on this representation in making the 2021 $900k Orchestra Loan.

33.     However, unbeknownst to Vawter, Debtor was insolvent at the time he made that representation.

34.     The 2021 $900k Orchestra Note represents, warrants, and covenants that Orchestra would use all of the loan funds for business or commercial purposes in accordance with the 2021 Orchestra Funding Agreement, and not for personal, family, or household purposes.

35.     The 2021 Orchestra Funding Agreement states that the proceeds of the 2021 $900k Orchestra Loan will be used to invest in or make loans to real estate development projects.

36.     Vawter reasonably and/or justifiably relied on these representations and promises in making the 2021 $900k Orchestra Loan.

37.     Part or all of the 2021 $900k Orchestra Loan funds were used not to invest in or make loans to real estate developments, but for other purposes, including paying debts of entities affiliated with Debtor, including debts that Debtor had personally guaranteed.

38.     Debtor (a) personally participated in the making of the representations and promises in the 2021 $900k Orchestra Note and the 2021 Orchestra Funding Agreement; (b) authorized and/or directed the making of the representations and

promises in the 2021 $900k Orchestra Note and the 2021 Orchestra Funding Agreement; (c) contributed and/or helped in the making of the representations and promises in the 2021 $900k Orchestra Note and the 2021 Orchestra Funding Agreement; and/or (d) consented to, approved, and/or acquiesced in the making of the representations and promises in the 2021 $900k Orchestra Note and the 2021 Orchestra Funding Agreement with knowledge that such those representations and promises were being made.

39.     Debtor (a) personally participated in the diversion of the proceeds of the 2021 $900k Orchestra Loan; (b) authorized and/or directed the diversion of the proceeds of the 2021 $900k Orchestra Loan; (c) contributed to and/or helped in the diversion of the proceeds of the 2021 $900k Orchestra Loan; and/or (d) consented to, approved, and/or acquiesced in the diversion of the proceeds of the 2021 $900k Orchestra Loan with knowledge that such diversion was being made.

## 2022 Avondale Lot Transfer

40.     Pursuant to the 2019 Accommodation Mortgage, Debtor granted Vawter a mortgage lien on certain real estate (that real estate, the "Avondale Lot") as collateral for the $3M Renfroe Loan.

41.     On or about June 10, 2022, the 2019 $3M Renfroe Loan matured, and Debtor had not repaid his debt in full.

42.     On or about August 30, 2022, Debtor filed a certificate with the Alabama Secretary of State for the formation of Avondale Holdings II, LLC ("AH 2"), with the Debtor being the sole member and owner of AH 2.

43.     On or about September 14, 2022, Debtor executed a deed as manager of AH 1 transferring the Avondale Lot to AH 2, in direct violation of the 2019 Accommodation Mortgage.

44.     Also, on or about September 14, 2022, Debtor executed a mortgage as manager of AH 2 in favor of Southern States Bank granting the bank a purchase money mortgage on the Avondale Lot in the amount of $465,000.

45.     Prior to executing the deed to AH 2 and the mortgage to Southern States Bank, Debtor did not disclose to Vawter the intended transaction or otherwise seek or obtain a release of the Avondale Lot from the 2019 Accommodation Mortgage, all in direct violation of Vawter's rights regarding the 2019 $3M Renfroe Loan.

### 2022 $4.3M Credit Transaction

46.     On or about August 31, 2022, Vawter, Orchestra, and Debtor entered into an Agreement Regarding Indebtedness, which consolidated the outstanding obligations under the 2019 $3M Renfroe Note, the 2021 $900k Orchestra Note, a 2017 note to Vawter from an entity affiliated with Debtor, and a $2,000,000 debt owed by Orchestra to another creditor, St. Andrews Capital, LLC, into a single

Case 24-00052-TOM    Doc 1    Filed 12/06/24    Entered 12/06/24 17:39:20    Desc Main
Document    Page 9 of 22

$4,319,627.91 promissory note (that note, the "2022 $4.3M Orchestra Note").

47.     Contemporaneously with the execution of the Agreement Regarding Indebtedness, the 2022 $4.3M Orchestra Note, and the 2022 $4.3M Renfroe Guaranty, Vawter purchased the St. Andrews Capital, LLC loan in the principal amount of $2,000,000, making Vawter the lawful holder of that debt.

48.     To induce Vawter to enter into the Agreement Regarding Indebtedness and to make the extension of credit and refinancing reflected by the 2022 $4.3M Orchestra Note, Debtor executed a guaranty agreement in which he personally guaranteed Orchestra's obligations under the 2022 $4.3M Orchestra Note (the "2022 $4.3M Renfroe Guaranty").

49.     The Agreement Regarding Indebtedness, the 2022 $4.3M Orchestra Note, and the 2022 $4.3M Renfroe Guaranty collectively reflect an extension, renewal, and/or refinancing of the debt consolidated in the 2022 $4.3M Orchestra Note (that transaction, and those documents collectively, the "2022 $4.3M Credit Transaction").

50.     During the course of his negotiations with Vawter that resulted in the 2022 $4.3M Credit Transaction, Debtor falsely represented to Vawter that that his parents, Eugene and Jana Renfroe, had told him they would give him the money to pay his creditors in the event that he could not repay his debts.  This representation

was made to induce Vawter to enter into the 2022 $4.3M Credit Transaction.

51.     Vawter reasonably and/or justifiably relied on this representation in entering into the 2022 $4.3M Credit Transaction.

52.     In the 2022 $4.3M Renfroe Guaranty, Renfroe represented that he was solvent and would not be rendered insolvent by providing his guaranty.

53.     Debtor made this representation to induce Vawter to enter into the Agreement Regarding Indebtedness, and to make the extension, renewal, and/or refinancing of the debt consolidated in the 2022 $4.3M Orchestra Note.

54.     Vawter reasonably and/or justifiably relied on this representation in entering into the 2022 $4.3M Credit Transaction.

55.     Unbeknownst to Vawter, Debtor was insolvent at the time he made that representation.

56.     Orchestra defaulted on the 2022 $4.3M Orchestra Note, and Debtor defaulted on the 2022 $4.3M Renfroe Guaranty.

57.     On December 28, 2023, Vawter commenced a civil action against Debtor and others styled *John Vawter, et al v. Orchestra Investments, LLC*, Civil Action No. 01-CV-2023-904683 in the Circuit Court of Jefferson County, Alabama (the "State Court Action").  Vawter's Complaint in the State Court Action asserts

causes of action against the Debtor and related parties for fraud, suppression, securities fraud, voidable transactions and breach of contract, as well as other causes of action.

58.     On September 10, 2024, Debtor commenced this Chapter 7 bankruptcy case.

59.     Vawter timely filed a proof of claim in the amount of $6,329,775.45, which has been designated as Claim No. 27-1 in the Debtor's bankruptcy case.

## COUNT 1: 11 U.S.C. § 523(a)(2)(A)

60.     Plaintiff incorporates the foregoing allegations as if restated herein in their entirety.

61.     Debtor falsely represented and/or misrepresented to Vawter that Eugene and Jana Renfroe had told Debtor they would repay his debts if he could not repay them in order to induce Vawter to make the 2019 $3M Renfroe Loan and the 2021 $900k Orchestra Loan, and to enter into the 2022 $4.3M Credit Transaction.

62.     Debtor falsely represented and/or misrepresented to Vawter that he would use the proceeds of the 2019 $3M Renfroe Loan only for the maintenance, operation, and improvement of the property subject to that transaction.

63.     Alternatively, when Debtor promised Vawter that the 2019 $3M

Renfroe Loan proceeds would only be used for the maintenance, operation, and improvement of the Property, he intended to use part or all of the proceeds of that loan for other purposes.

64.    Debtor falsely represented and/or misrepresented to Vawter that Orchestra would use the proceeds of the 2021 $900k Orchestra Loan to invest in or make loans to real estate development projects.

65.    Alternatively, when Debtor promised Vawter that Orchestra would use the proceeds of the 2021 $900k Orchestra Loan to invest in or make loans to real estate development projects, he intended to use part or all of the proceeds of that loan for other purposes.

66.    Debtor fraudulently suppressed and/or concealed the fact that he had already granted another creditor a security interest in Debtor's membership interest in AH 1 before he promised Vawter that he would grant Vawter a first-priority security interest in 100% of Renfroe's membership interest in AH 1.

67.    At the time Debtor promised Vawter that he would give Vawter a first-priority security interest in 100% of Renfroe's membership interest in AH 1, Debtor intended not to perform that promise.

68.    Debtor transferred the Avondale Lot from AH 1 to AH 2 with the actual

intent to hinder, delay, and/or defraud Vawter.

69.    Debtor caused AH 2 to obtain a purchase money mortgage on the Avondale Lot with the actual intent to hinder, delay, and/or defraud Vawter.

70.    Debtor's indebtedness related to the 2019 $3M Renfroe Loan, the 2021 $900k Orchestra Loan, and 2022 $4.3M Credit Transaction is nondischargeable under 11 U.S.C. § 523(a)(2)(A) because it was obtained by false pretenses, false representations, and/or actual fraud.

WHEREFORE, Vawter requests a judgment in favor of Vawter and against Debtor declaring Debtor's  indebtedness related to the 2019 $3M Renfroe Loan, the 2021 $900k Orchestra Loan, and the 2022 $4.3M Credit Transaction to be nondischargeable and awarding Vawter all amounts owed by Debtor under or related to said loans, including prejudgment interest, attorneys' fees, reasonable costs, relief to which Vawter is entitled under applicable securities laws, and such further relief as the Court deems proper.

## COUNT 2: 11 U.S.C. § 523(a)(2)(B)

71.    Plaintiff incorporates the foregoing allegations as if restated herein in their entirety.

72.    Debtor falsely represented and/or misrepresented to Vawter in the 2019

$3M Renfroe Loan Indemnity Agreement that he was solvent in order to induce Vawter to make the 2019 $3M Renfroe Loan.

73.    Debtor falsely represented and/or misrepresented to Vawter in the 2022 $4.3M Renfroe Guaranty that he was solvent in order to induce Vawter to enter into the 2022 $4.3M Credit Transaction.

74.    Debtor falsely represented and/or misrepresented to Vawter in the 2021 Renfroe Guaranty that he was solvent in order to induce Vawter to make the 2021 $900k Orchestra Loan.

75.    Debtor fraudulently concealed and/or suppressed his true financial condition to induce Vawter to make the 2019 $3M Renfroe Loan and the 2021 $900k Orchestra Loan, and to enter into the 2022 $4.3M Credit Transaction.

76.    Debtor's indebtedness to Vawter related to the 2019 $3M Renfroe Loan, the 2021 $900k Orchestra Loan, and the 2022 $4.3M Credit Transaction is nondischargeable under 11 U.S.C. § 523(a)(2)(B) because it was obtained by use of a statement in writing that was materially false respecting the Debtor's or an insider's financial condition on which Vawter reasonably relied and Debtor caused to be made or published with intent to deceive.

WHEREFORE, Vawter requests a judgment in favor of Vawter and against

Debtor declaring Debtor's indebtedness related to the 2019 $3M Renfroe Loan, the 2021 $900k Orchestra Loan, and the 2022 $4.3M Credit Transaction to be nondischargeable and awarding Vawter all amounts owed by Debtor under or related to said loans, including prejudgment interest, attorneys' fees, reasonable costs, relief to which RLH is otherwise entitled under applicable securities laws, and such further relief as the Court deems proper.

## COUNT 3: 11 U.S.C. § 523(a)(4)

77.     Plaintiff incorporates the foregoing allegations as if restated herein in their entirety.

78.     Debtor appropriated the proceeds of the 2021 $900k Orchestra Loan to a use other than investing in or making loans to real estate developments, in direct violation of the parties' agreement(s).

79.     Debtor's debt to Vawter relating to the 2021 $900k Orchestra Loan is for embezzlement and/or larceny and are therefore nondischargeable under 11 U.S.C. § 523(a)(4).

WHEREFORE, Vawter requests a judgment in favor of Vawter and against Debtor declaring Debtor's indebtedness related to the 2021 $900k Orchestra Loan to be nondischargeable and awarding Vawter all amounts owed by Debtor under or related to said loans, including prejudgment interest, attorneys' fees, reasonable

costs, relief to which Vawter is entitled under applicable securities laws, and such further relief as the Court deems proper.

## COUNT 4: 11 U.S.C. § 523(a)(6)

80.     Plaintiff incorporates the foregoing allegations as if restated herein in their entirety.

81.     Debtor intentionally misrepresented to Vawter that he was solvent in order to induce Vawter to make the 2019 $3M Renfroe Loan, despite knowing he was insolvent at the time.

82.     Debtor intentionally falsely represented and/or misrepresented to Vawter that he was solvent in order to induce Vawter to make the 2021 $900k Orchestra Loan, despite knowing he was insolvent at the time.

83.     Debtor intentionally falsely represented and/or misrepresented to Vawter that he was solvent in order to induce Vawter to enter into the 2022 $4.3M Credit Transaction, despite knowing that he was not solvent at the time.

84.     Debtor intentionally falsely represented and/or misrepresented to Vawter that Eugene and Jana Renfroe had told Debtor that they would repay his debts if he could not repay them in order to induce Vawter to make the 2019 $3M Renfroe Loan and the 2021 $900k Orchestra Loan and to enter into the 2022 $4.3M Credit Transaction.

85. Debtor intentionally converted and/or appropriated the proceeds of the 2019 $3M Renfroe Loan and the 2021 $900k Orchestra Loan to purposes other than those he represented and promised they would be used for, in direct violation of the parties' agreement(s).

86. Debtor intentionally promised to grant Vawter a first-priority security interest in 100% of Renfroe's membership interests in AH 1, despite knowing he could not fulfill that promise because he had already granted another creditor a security interest in those same membership interests.

87. Debtor intentionally transferred the Avondale Lot to AH 2 and intentionally obtained a mortgage in favor of Southern States Bank on the Avondale Lot in order to hinder, frustrate, impair, prime, and/or defeat Vawter's rights as mortgagee in the Avondale Lot.

88. Debtor willfully and maliciously injured Vawter and/or Vawter's property rights by these actions, and therefore Debtor's indebtedness related to the 2019 $3M Renfroe Loan, the 2021 $900k Orchestra Loan, and the 2022 $4.3M Credit Transaction is nondischargeable under 11 U.S.C. § 523(a)(6).

WHEREFORE, Vawter requests a judgment in favor of Vawter and against Debtor declaring Debtor's indebtedness related to the 2019 $3M Renfroe Loan, the 2021 $900k Orchestra Loan, and the 2022 $4.3M Credit Transaction to be nondischargeable and awarding Vawter all amounts owed by Debtor under or related

to said loans, including prejudgment interest, attorneys' fees, reasonable costs, relief to which Vawter is entitled under applicable securities laws, and such further relief as the Court deems proper.

## <u>COUNT 5: 11 U.S.C. § 523(a)(19)</u>

89.     Plaintiff incorporates the foregoing allegations as if restated herein in their entirety.

90.     The 2021 $900k Orchestra Loan was made pursuant to a securities offering under Alabama and federal law.

91.     In connection with the securities offering, Debtor (a) falsely represented and/or misrepresented the purposes to which the proceeds of the 2021 $900k Orchestra Loan would be put; (b) falsely promised that the proceeds of the 2021 $900k Orchestra Loan would be used only to invest in or make loans to real estate developments; (c) falsely represented and/or misrepresented that he was solvent; (d) falsely represented and/or misrepresented that his parents would repay Vawter if he could not; and (e) fraudulently concealed and/or suppressed his true financial condition.

92.     The Debtor violated 15 U.S.C. §§ 77*l*(a)(1) and 77e, which provide that any person who offers or sells a security for which no registration statement is in effect as to the security is liable to the person purchasing such security to recover

Case 24-00052-TOM    Doc 1    Filed 12/06/24    Entered 12/06/24 17:39:20    Desc Main
Document    Page 19 of 22

the consideration paid with interest.

93.    The Debtor violated 15 U.S.C. § 77*l*(a)(2), which provides that any person who offers or sells a security by means of a prospectus or oral communication which includes an untrue statement of fact or omits to state a fact necessary in order to make the statements, in light of the circumstances under which they were made, not misleading is liable to the person purchasing such security to recover the consideration paid with interest.

94.    The Debtor violated Alabama Code § 8-6-17, which provides that it is unlawful for any person, in connection with the offer, sale, or purchase of any security, to employ any device, scheme, or artifice to defraud, make any untrue statement of material fact or omit to state a material fact or engage in any act, practice, or course of business which operates or would operate as a fraud or deceit.

95.    The Debtor violated Alabama Code § 8-6-19, which provides that any person who sells or offers to sell a security by means of any untrue statement of a material fact or any omission to state a material fact necessary to make the statements made not misleading is liable to the person buying the security from such seller or offeror.

96.    The Debtor is guilty of common law fraud, deceit, and/or manipulation in connection with the purchase or sale of a security.

97.     Accordingly, the debt owed by Debtor to Vawter related to the 2021 $900k Orchestra Loan is nondischargeable under 11 U.S.C. § 523(a)(19).

WHEREFORE, Vawter requests a judgment in favor of Vawter and against Debtor declaring Debtor's indebtedness related to the 2019 $3M Renfroe Loan, the 2021 $900k Orchestra Loan, and the 2022 $4.3M Credit Transaction to be nondischargeable and awarding Vawter all amounts owed by Debtor under or related to said loans, including prejudgment interest, attorneys' fees, reasonable costs, relief to which Vawter is entitled under applicable securities laws, and such further relief as the Court deems proper.

Respectfully submitted,

/s/ Andrew J. Sinor
Andrew J. Sinor, Jr., Esq.
Robert T. Clark, Esq.
*Attorney for John E. Vawter*

**OF COUNSEL**
**HAND ARENDALL HARRISON SALE, LLC**
1801 5th Avenue North; Suite 400
Birmingham, AL 35203
Phone: 205-324-4400
Fax:   205-322-1163
dsinor@handfirm.com
rclark@handfirm.com

*/s/ N. Chris Glenos*

N. Chris Glenos, Esq.

*Attorney for John E. Vawter*

**OF COUNSEL**

**BRADLEY ARANT BOULT CUMMINGS LLP**

One Federal Place

1819 5th Avenue N

Birmingham, AL 35203

Phone: 205-521-8000

Fax:   205-488-6721

cglenos@bradley.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this Complaint has been served upon the following by United States mail, first class postage prepaid and properly addressed, by facsimile or by electronic filing, on this the 6th date of December 2024.

J. Theodore Stuckenschneider, II

Ted Stuckenschneider, PC

1804 7th Avenue North, Ste. E

Birmingham, Alabama 35203

ts@stuckenlaw.com

*Attorney for Debtor Hunter H. Renfroe*

Andre' M. Toffel

Andre' M. Toffel, P.C.

450A Century Park South, Ste. 206-A

Birmingham, Alabama 35226

atoffel@toffelpc.com

*Trustee*

*/s/ N. Chris Glenos*

N. Chris Glenos, Esq.
